CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CESAR FRANCIS MELENDEZ-PEREZ, | )<br>)<br>) |
| Petitioner, | )<br>) Case No. 7:24-cv-00065<br>) |
| v. | ) **MEMORANDUM OPINION**<br>)<br>) By:  Hon. Thomas T. Cullen |
| WARDEN USP LEE, FBOP, | )      United States District Judge<br>) |
| Respondent. | )<br>) |

Petitioner Cesar Francis Melendez-Perez, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("FBOP") did not properly credit his sentence for time spent in federal custody between July 2, 2019, and March 13, 2020. (*See* ECF No. 1 at 6.) Respondent, the Warden of USP Lee, moves to dismiss this action for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56 (ECF No. 6). For the reasons that follow, the court will grant Respondent's motion to dismiss.

I.

The following summary of facts derives from the allegations in Petitioner's § 2241 petition and the public records Respondent offers to supplement the information contained in the petition.[1]

---

[1] Although a court may not ordinarily consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss, the court may take judicial notice of, and properly consider in connection with a Rule 12 motion, public records, including sentencing and parole records. *See Miller v. Hejirika*, No. CIV.A.

On April 1, 2019, Petitioner was arrested by the Lorain County, Ohio, Sheriff's Department on various state charges. (*See* ECF 7-2 at 10, 17, 24.) On May 1, 2019, Petitioner was sentenced on his state charges, receiving independent sentences of 18 months, 12 months, and 7 months of incarceration, all to be served concurrently. (*Id.* at 10–11, 18, 24.) The sentencing judge awarded Plaintiff 122 days of jail-time credit to be applied to each of Plaintiff's concurrent sentences. (*Id.* at 11, 18, 24.)

On July 2, 2019, Petitioner was temporarily removed from the custody of the Ohio Department of Corrections by the United States Marshall Service pursuant to a federal writ of habeas corpus *ad prosequendum*. (ECF No. 1 at 6.) On March 13, 2020, while he was undergoing federal prosecution, the State of Ohio discharged him from his state sentence. (*Id.*)

Petitioner was convicted and, on August 27, 2020, was sentenced to two 163-month terms of incarceration on his federal convictions, to be served concurrently. (*Id.* at 6–7; ECF No. 7-2 at 33, 36.) Petitioner's federal sentence began on August 27, 2020, the day he was sentenced, and he was granted credit for time served between March 14, 2020, and August 26, 2020—the time between the end of his state sentence and the beginning of his federal sentence. (*See* ECF No. 7-2 at 36–37.)

Petitioner now seeks to have his time spent in federal custody between July 2, 2019, (the date he was removed from the custody of the Ohio Department of Corrections on the federal writ) and March 13, 2020, (the date his state sentence expired) credited toward his

---

GJH-14-2184, 2014 WL 4757472, at *1 (D. Md. Sept. 22, 2014) (citing *Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 397 (4th Cir.2006); *Haley v. Corcoran,* 659 F.Supp.2d 714, 721 n.4 (D.Md.2009)); *see also Haley v. Corcoran*, 659 F. Supp. 2d 714, 722 (D. Md. 2009) ("A district court may take judicial notice of 'matters of public record' without converting a Rule 12(b)(6) motion into a motion for summary judgment.").

federal sentence. (*See* ECF No. 1 at 7.) The FBOP has refused to credit his federal sentence for this time, stating this time was credited toward Petitioner's Ohio state sentence. (*Id.*)

Petitioner challenges the FBOP's determination on the grounds that that the FBOP "has not show[n] any proof of fact" that his state sentence and federal sentence could not have run concurrently. (*Id.*) He argues that, because "[t]he State of Ohio has not come forth to say that it [ac]cepted the award" of credit for the period between July 2, 2019, and March 13, 2020, the FBOP has failed to show that credit for that time was meant to and did apply exclusively to his state sentence. (*Id.*) Petitioner also notes that he has not sought or received a nunc pro tunc designation from the FBOP. (*Id.*) On these bases, Petitioner asks the court to order the FBOP to credit him for the time spent in custody during the period in question.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). And, because Plaintiff is proceeding *pro se*, the allegations are construed "liberally" in his favor. *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not shown—that the pleader is entitled to relief as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

The FBOP—not the sentencing court—is responsible for computing federal sentences. *United States v. Wilson*, 503 U.S. 329, 334–37 (1992). But a federal inmate can seek judicial review of the computation of his sentence, including credit for jail time served before sentencing, by filing a petition under 28 U.S.C. § 2241. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *Avalos v. Hudgins*, No. 3:20-CV-188, 2021 WL 1175438, at *2 (N.D.W. Va. Mar. 29, 2021), *aff'd*, No. 21-6857, 2022 WL 1198006 (4th Cir. Apr. 22, 2022) ("While a district court has no authority to give credit for time served, . . . [t]he Court may review the petitioner's

- 4 -

challenge to the BOP's computation of sentence under § 2241 and, if warranted, make recommendations to the BOP.").

"A sentence of a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, a federal criminal defendant is entitled to credit "for any time he has spent in official detention prior to the date the sentence commences" so long as that time has not already "been credited against another sentence." 18 U.S.C. § 3585(b).

When a prisoner in state custody is summoned for federal prosecution pursuant to a federal writ of habeas corpus *ad prosequendum*, "the state retains primary jurisdiction over that defendant." *United States v. Evans,* 159 F.3d 908, 912 (4th Cir.1998) ("[T]he federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to the federal authorities."). "[F]ederal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.* Thus, even "while a state inmate is on loan to federal authorities under a writ, . . . he continues to serve his state prison obligation," and "[h]is official detention on later federal charges begins only after he completes the state sentence, and state authorities relinquish primary custody." *Durland v. Zych,* No. 7:12CV00317, 2013 WL 1352340, at *2 (W.D. Va. Apr. 3, 2013).

Here, Petitioner admits that his state sentence continued to run while he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum* until the expiration of the state sentence on March 13, 2020. (*See* ECF No. 1 at 7 (stating that the Ohio DOC "could have stopped his state sentence from running" while "he was being borrowed from state custody

pursuant to the federal writ, but it did not").) Under the plain language of § 3585(b), Petitioner cannot, therefore, receive federal jail-time credit for this period. In drafting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Because Petitioner received credit toward his state sentences for time spent in custody between July 2, 2019, and March 13, 2020, that time cannot also be credited toward his federal sentence. *See* 18 U.S.C. § 3585(b); *Durland*, 2013 WL 1352340, at *3. Accordingly, Petitioner has not shown that he is entitled to the relief sought in his § 2241 petition.[2]

## IV.

For these reasons, the court will grant Respondent's motion (ECF No. 6) and dismiss this case. The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to Petitioner.

**ENTERED** this 31st day of March, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner's brief mention that he did not seek and was not granted a nunc pro tunc designation from the BOP to serve his federal sentence at the Ohio facility where he had served his state sentence does not entitle him to any relief. (*See* ECF No. 1 at 7.) But, as Petitioner admits that he did not request or receive such a designation—and because his state sentence had expired by the time his federal sentence commenced—the availability or unavailability of a nunc pro tunc designation has no effect on Petitioner's claim for jail-time credit.